**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

EVA CLARKE,

      Plaintiff,

                                    Case No.: 1:25-cv-10289-NRB

v.


JOHN PAUL MITCHELL SYSTEMS; L'ORÉAL
USA, INC.; L'ORÉAL USA PRODUCTS, INC.;
HENKEL a/k/a HENKEL AG & Co. KGaA;
SCHWARZKOPF; PRAVANA; JOICO; L'ANZA
HEALING HAIRCARE/DAVEXL; GOLDWELL
NEW YORK; COSMOPROF SERVICES USA,
LLC; SALLY BEAUTY HOLDINGS, INC.; and
JOHN DOE CORPORATIONS 1-100, inclusive,

      Defendants.

---

**PLAINTIFF EVA CLARKE'S MOTION TO REMAND AND MEMORANDUM OF LAW
IN SUPPORT**

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

EVA CLARKE,

    Plaintiff,

                              Case No.: 1:25-cv-10289-NRB

v.


JOHN PAUL MITCHELL SYSTEMS; L'ORÉAL
USA, INC.; L'ORÉAL USA PRODUCTS, INC.;
HENKEL a/k/a HENKEL AG & Co. KGaA;
SCHWARZKOPF; PRAVANA; JOICO; L'ANZA
HEALING HAIRCARE/DAVEXL; GOLDWELL
NEW YORK; COSMOPROF SERVICES USA,
LLC; SALLY BEAUTY HOLDINGS, INC.; and
JOHN DOE CORPORATIONS 1-100, inclusive,

    Defendants.

---

## <u>NOTICE OF MOTION TO REMAND</u>


Please take notice that Plaintiff in the above-captioned case seeks to remand this case to

the Supreme Court of New York for New York County pursuant to 28 U.S.C. § 1447. Defendants

contend that the mere absence of an index number on the summonses that the L'Oréal defendants

received nullifies service of process. But as shown below, New York courts have deemed the

absence of an index number trivial, and they have held that service is proper even if the clerk does

not assign an index number. Accordingly, because forum defendants were served before removal,

the forum defendant rule requires the remand of this case.

1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

EVA CLARKE,

     Plaintiff,

                         Case No.: 1:25-cv-10289-NRB

v.

JOHN PAUL MITCHELL SYSTEMS; L'ORÉAL
USA, INC.; L'ORÉAL USA PRODUCTS, INC.;
HENKEL a/k/a HENKEL AG & Co. KGaA;
SCHWARZKOPF; PRAVANA; JOICO; L'ANZA
HEALING HAIRCARE/DAVEXL; GOLDWELL
NEW YORK; COSMOPROF SERVICES USA,
LLC; SALLY BEAUTY HOLDINGS, INC.; and
JOHN DOE CORPORATIONS 1-100, inclusive,

     Defendants.

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

## TABLE OF CONTENTS

Introduction ........................................................................................................................... 3

Arguments ............................................................................................................................. 3

Conclusion ............................................................................................................................ 9

2

**Introduction**

Two jurisdictional facts are undisputed:

(1) Plaintiff seeks damages exceeding $75,000; and

(2) The named parties are completely diverse.

The issue before this Court is whether New York citizens L'Oréal USA, Inc. and L'Oréal USA Products, Inc. were properly served before removal. The only basis for Defendants' attack on the propriety of service is that the index number was not listed on the summonses and, consequently, service was invalid.[1] New York courts, however, have held that the mere absence of a case number does not invalidate service of process. *Chira v. Global Med. Review*, *Inc.*, 609 N.Y.S.2d 511, 512 (N.Y. Sup. Ct. 1994); *Slutzky v. Aron Estates Corp.*, 597 N.Y.S.2d 997, 1002 (N.Y. Sup. Ct. 1993). And because both L'Oréal defendants were served before the Notice of Removal, the forum defendant rule invalidates removal. *Moronta v. Mecca Transp.*, *Inc.*, 2025 WL 3482783, at *1 (S.D.N.Y. Dec. 4, 2025). This Court should accordingly grant Plaintiff's motion to remand. *See id*.

**Arguments**

Section 1441 allows for removal based on diversity of citizenship. 28 U.S.C. § 1441(a)-(b); *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998). When the basis for jurisdiction is diversity of citizenship, the forum defendant rule applies. *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019). Removal is invalid if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, Defendants L'Oréal USA, Inc. and L'Oréal USA Products, Inc. have their

---

[1]     Defendants do not, however, argue that Plaintiff has fraudulently joined a party.

principal places of business in New York and are citizens of New York.  Declaration of Keith E. Smith, D.I. 1-1 at ¶¶ 10-12.

"[T]he right to removal is a statutory grant to be strictly construed." *Mercy Hosp. Ass'n v. Miccio*, 604 F. Supp. 1177, 1179 (E.D.N.Y. 1985) (cleaned up); *see also Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021). Removing defendants must establish jurisdiction and comply with federal law. *Barnes v. Fort Hamilton Fam. Homes*, 524 F. Supp. 3d 40, 42 (E.D.N.Y. 2021). "[O]ut of respect for the limited jurisdiction of the federal courts and the rights of the states," courts resolve all doubts in favor of remand. *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007); *see also Taylor*, 15 F.4th at 150.

Defendants contend that no forum defendant was properly joined and served as required by section 1441(b)(2). The substantive law of the forum state regarding service applies in considering whether a defendant was properly joined and served. *See, e.g.*, *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003) (finding that service had been accomplished in accordance with New York law). Defendants claim that service was procedurally defective under New York law just because the summonses did not have the index number for this case (without citing any authority for this assertion). But as shown below, Plaintiff properly served the L'Oréal Defendants before removal. *Chira*, 609 N.Y.S.2d at 512; *Slutzky*, 597 N.Y.S.2d at 1002. As each L'Oréal defendant is a New York citizen, the forum defendant rule bars removal. *See, e.g.*, *Moronta*, 2025 WL 3482783, at *1; *Stan Winston Creatures, Inc.*, 314 F. Supp. 2d at 181 (observing that the resident defendant was served "in any ordinary sense of the word").

The forum defendant rule does not apply until a home-state defendant "has been served *in accordance with state law* . . . ." *Gibbons*, 919 F.3d at 705 (emphasis added). Under New York law, a summons must "bear the index number assigned and the date of filing with the clerk of the

4

court." CPLR § 305(a); *see also* CPLR § 306-a(a). New York courts, though, have construed CPLR § 305 liberally. *Slutzky*, 597 N.Y.S.2d at 1002. Indeed, the absence of an index number does not invalidate service. *Id*.; *see also* CPLR § 2001 ("[T]he court may permit a mistake, omission, defect or irregularity . . . upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded, provided that any applicable fees shall be paid."); *Robinson v. Kathleen B*., 196 A.D.3d 1074, 1075-76 (N.Y. App. Div. 2021).

*Slutzky* is informative. In that case, the defendant relied on a prior version of the CPLR and claimed that because the summons lacked an index number, it was a nullity. 597 N.Y.S.2d at 1001. But the New York Legislature had repealed that subsection. *Id*. The Court, in turn, held that "the absence of an index number on the summons . . . does not vitiate service, if service was otherwise proper." *Id*. at 1002 (cleaned up). Here, in turn, the absence of an index number does not nullify service of process. *See id*.

New York courts have concluded that the failure to include an index number on a summons is a clerical error, not a jurisdictional defect. *Chira v. Global Med. Review, Inc*., 609 N.Y.S.2d 511, 512 (N.Y. Sup. Ct. 1994). In *Chira*, the defendant criticized the plaintiff for not including the index number on the summons and complaint. *Id*. at 511-12. Like the defendant in *Slutzky*, the defendant in *Chira* pointed to a prior version of CPLR § 306-a, which "provided that service of a summons which did not bear an assigned index number was deemed a nullity." *Id*. at 511. The New York Supreme Court, focusing on the legislative changes to CPLR § 305, denied dismissal and held that the absence of an index number was not a jurisdictional defect. *Id*. at 512; *see also Contractors Comp. Tr. v. $49.99 Sewer Man, Inc*., 161 N.Y.S.3d 726, 732 (N.Y. Sup. Ct. 2022) (the lack of an index number is a small irregularity that can be corrected under CPLR § 2101(f)); *Powell v. Fink*,

5

972 N.Y.S.2d 146, 146 (N.Y. Co. Ct. 2013) (defects in proof of proper service concern form, not jurisdiction).

Under New York law, the lack of an index number is a "mere irregularity." *Tufano v. Tufano*, 220 A.D.2d 407, 408 (N.Y. App. Div. 1995) (cleaned up); *see also Nat'l Union Fire Ins. Co. v. Hugee*, 661 N.Y.S.2d 744, 747 (N.Y. Sup. Ct. 1997) ("[N]o prejudice can be shown and there is no jurisdictional defect."); *Nikolaidis v. Makita Corp.*, 661 N.Y.S.2d 257, 258 (N.Y. App. Div. 1997) ("[T]he amendment of the summons to reflect the correct filing date and index number is warranted."). In sum, the mere failure of the summons to have the index number does not invalidate service of process. *Tufano*, 220 A.D.2d at 408; *Cellular Tel. Co. v. Village of Tarrytown*, 209 A.D.2d 57, 64-65 (N.Y. App. Div. 1995); *cf. Cruz v. N.Y. Housing Auth.*, 702 N.Y.S.2d 284, 284 (N.Y. Sup. Ct. 2000) ("Defendant failed to show any prejudice whatsoever.").

In a New York state district court case discussing the 2007 amendment to CPLR § 2001, the plaintiff recommended an action following a stipulation to discontinue a prior action but did not purchase a new index number. The court held that the "commencement errors," including the failure to purchase a new index number, were "non-prejudicial procedural defects that should be disregarded in accordance with the 2007 revision of CPLR 2001." *Horvath v. Progressive Cas. Ins. Co.*, 882 N.Y.S.2d 822, 828 (N.Y. Dist. Ct. 2009); *see also MacLeod v. Cnty. of Nassau*, 903 N.Y.S.2d 411, 417 (N.Y. App. Div. 2010) (*citing Horvath* and finding that filing of complaint and summonses under index number for prior special proceeding was a technical, non-prejudicial procedural misstep).

The lack of an index number in no way prejudiced Defendants, who quickly saw that an out-of-state resident has sued in New York state court and has sought more than $75,000 in damages. *Village of Tarrytown*, 209 A.D.2d at 64-65. The omission of a case number should not

6

invalidate service given legislative changes to New York law governing service of process. *Chira*, 609 N.Y.S.2d at 512; *Tufano*, 220 A.D.2d at 408; *Slutzy*, 597 N.Y.S.2d at 1002.

CPLR § 305(a) has seldom arisen in the context of removal. In *G.T. by Reyes v. Bronx Lebanon Hosp. Ctr.*, 2023 WL 2237799 (S.D.N.Y. Feb. 27, 2023), the Court remanded the case because it was not apparent whether diversity jurisdiction existed. No such situation exists here, nor could it. Defendants knew that an out-of-state plaintiff sued in New York state court and knew the nature of the claims asserted and the extent of the damages sought. *Cf. Gucciardo v. Reliance Ins. Co.*, 84 F. Supp. 2d 399, 403 (E.D.N.Y. 2000) ("the notice served with the Plaintiff's state court Summons did allow the Defendants to ascertain removability"). Defendants could have filed answers. Instead, they improperly removed this case based on an incorrect view of New York law. *Chira*, 609 N.Y.S.2d at 512; *Tufano*, 220 A.D.2d at 408; *Slutzy*, 597 N.Y.S.2d at 1002.

Allowing Defendants to remove this case based on the absence of an index number would be an unjust result. Plaintiff effectuated service as quickly as possible. Plaintiff's counsel did not receive the index number until December 9, 2025. Plaintiff's counsel still acted diligently and hired a process server to accomplish service.[2] Allowing Defendants to remove this case would elevate form over substance—and would prejudice Plaintiff.[3]

---

[2]    Plaintiff also served defendants with the summonses with index numbers and a copy of the verified complaint after the index numbers were assigned. *See* Exhibit 1.

[3]    Plaintiff also submits that the inclusion of the unknown defendants, John Doe Corporations 1-100, defeats complete diversity between the parties. *See Hai Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 449 (S.D.N.Y. 2014) ("this Court agrees that § 1332 cannot be invoked where unidentified Doe defendants, integral to determining diversity jurisdiction, are named in the complaint."); *Lemons v. Am. Ass'n of Neurological Surgeons, Inc.*, 782 F. Supp. 3d 913, 920 (E.D. Cal. 2025)  (same); *cf. Smerud v. AKT Servs. LLP*, 2025 WL 2096912, at \*5 (D. Or. July 25, 2025); *FXR Constr., Inc. v. Fed. Ins. Co.*, 2022 WL 428242 (S.D.N.Y. Feb. 11, 2022) (expressing concern over inclusion of unknown Doe defendants whose citizenship was not known).

Indeed, because there is necessarily a time lag between the filing of a case and assignment of an index number,[4] denying remand for failure to include an index number on the summonses would make it seemingly if not literally impossible to serve a defendant before the action was removed. This would render the forum defendant rule pointless.[5]

The cases on which Defendants rely do not compel the Court to deny this motion to remand. In *Uzoigwe v. Charter Comms., LLC*, 2025 WL 1257578, at *1 (2d Cir. May 1, 2025), *cert filed.*, Dec. 3, 2025, the Second Circuit evaluated a plaintiff's attempt to unsuccessfully serve a defendant by mail. There was no dispute that removal occurred before service. *Id*. There is, at a minimum, a dispute here because affidavits of service have been filed. And because this case does not involve service by mail, *Uzoigwe* provides no guidance.

*Henderson v. Radegen Sports Mgmt. LLC*, 2025 WL 3482782, at *2 (S.D.N.Y. Dec. 3, 2025) is equally unhelpful because in that case, the plaintiff did not dispute that "he served Defendants after removal was effective." A far different situation exists here. In *Cavanaugh v. Northwell Health, Inc.*, 2025 WL 904314, at *4 n.3 (E.D.N.Y. Mar. 24, 2025), an almost identical situation existed – the defendant asserted it had not been served, and the plaintiff did not rebut that assertion. Here, though, Plaintiff has presented an affidavit of service, which establishes "a *prima facie* case of the account of the method of service . . . ." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). *Accord Kihl v. Pfeffer*, 94 N.Y.2d 118, 122 (1999).

Finally, *Doe v. Roman Catholic Diocese of Erie, Pa.*, 2021 WL 490834 (N.D.N.Y. Mar. 2, 2021) and *Castro v. Colgate-Palmolive Co.*, 2020 WL 2059741, at *4 (W.D.N.Y. Apr. 29, 2020)

---

[4]    "[U]pon filing the summons and complaint, summons with notice or petition in an action or proceeding commenced in supreme or county court with the clerk of the county, an index number shall be assigned ." CPLR § 306-a(a).

[5]    *Cf. Phillips Constr., LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 555 (S.D. W. Va. 2015) ("Any concern regarding local bias remains lacking in the case of a resident defendant . . . ."). As multiple defendants are New York citizens, any threat of prejudice from litigating in state court is absent. *Id*.

8

stand for the simple proposition that snap removal is allowed in the Second Circuit. Whatever one thinks about snap removal, this Court need not consider the issue because the L'Oréal defendants were served before removal. Consequently, the "scenario . . . sometimes called 'snap removal' . . ." is not available to Defendants. *Moronta*, 2025 WL 3482783, at *1.

Plaintiff served both L'Oréal defendants before removal and in accordance with New York law. Service on these forum defendants bars removal. 28 U.S.C. § 1441(b)(2). This Court should remand Plaintiff's case. *E.g.*, *Moronta v. Mecca Transp.*, *Inc.*, 2025 WL 3482783, at *1 (S.D.N.Y. Dec. 4, 2025); *Belchem Corp. v. Atlas Nutrition*, 2025 WL 3158671, at *7-*8 (S.D.N.Y. Nov. 12, 2025); *Hardman v. Bristol-Myers Squibb Co.*, 2019 WL 1714600, at *4 (S.D.N.Y. Apr. 17, 2019).[6]

<u>**Conclusion**</u>

This Court should grant Plaintiff's Opposed Motion to Remand.

Dated January 9, 2026                     Respectfully Submitted,

By: <u>/s/ Jonathan Sedgh</u>
Jonathan Sedgh
MORGAN & MORGAN P.A.
199 Water St., Suite 1500
New York, New York 10038
Phone: (212) 738-6839
jsedgh@forthepeople.com

**Attorneys for Plaintiff Eva Clarke**

---

[6]     Defendants emphasize that the Second Circuit has allowed resident defendants to "snap remove" civil cases. Although Defendants' summary of Second Circuit precedent is correct, this Court need not consider the validity of snap removal. *See Moronta*, 2025 WL 3482783, at *1.

## CERTIFICATE OF COMPLIANCE

The above notice and memorandum of law contain 2,703 words, which is less than the 8,750-word limit under Local Rule 7.1(c).

/s/ Jonathan Sedgh
Jonathan Sedgh

## CERTIFICATE OF SERVICE

I hereby certify that counsel for all parties of record have been served with this motion via CM/ECF and via email on January 9, 2026.

/s/ Jonathan Sedgh
Jonathan Sedgh

10