**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EVA CLARKE an individual, <br><br>          Plaintiff, <br><br>     v. <br><br> JOHN PAUL MITCHELL SYSTEMS; L'ORÉAL USA, INC.; L'ORÉAL USA PRODUCTS, INC.; HENKEL a/k/a HENKEL AG & Co. KGaA; SCHWARZKOPF; PRAVANA; JOICO; L'ANZA HEALING HAIRCARE/DAVEXLABS, LLC; GOLDWELL NEW YORK; COSMOPROF SERVICES USA, LLC; SALLY BEAUTY HOLDINGS, INC.; and JOHN DOE CORPORATIONS 1-100, inclusive, <br><br>          Defendants. | Case No. 1:25-cv-10289-NRB |

---

**DEFENDANT HENKEL CORPORATION'S**
**OPPOSITION TO PLAINTIFF EVA CLARKE'S MOTION TO REMAND**

---

**GREENBERG TRAURIG, LLP**
Keith E. Smith
Jaclyn DeMais
One Vanderbilt Avenue
New York, NY 10017
Tel: (215) 988-7843
Smithkei@gtlaw.com
Demaisj@gtlaw.com

*Attorneys for Defendant Henkel Corporation*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

PROCEDURAL HISTORY.................................................................................................... 2

ARGUMENT....................................................................................................................... 3

   I.    Removal to this Court Was Proper ........................................................................... 3

      A.   There Is Diversity of Citizenship Between the Parties .................................... 4

          1.    Citizenship of John Doe Defendants Is Disregarded. ................................. 4

      B.   The Amount in Controversy Exceeds $75,000 ............................................... 6

      C.   Removal Was Timely ...................................................................................... 7

      D.   All Co-Defendants Consent to Removal.......................................................... 8

  II.    The New York Defendants Were Not Properly Served Prior to Removal ........................ 8

CONCLUSION.................................................................................................................. 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Boland v. Bank Sepah–Iran*,
   614 F. Supp. 1166 (S.D.N.Y. 1985)..........................................................................13

*C.Q. v. Est. of Rockefeller*,
   20-CV-2205 (VSB), 2020 WL 5658702 (S.D.N.Y. Sep. 23, 2020) .........................10

*Cartagena v. Ryder Truck Rental, Inc.*,
   23-CV-4169 (JPO), 2023 WL 8520487 (S.D.N.Y. Dec. 8, 2023)..............................5

*Castro v. Colgate-Palmolive Co.*,
   19-CV-279 (JLS), 2020 WL 2059741 (W.D.N.Y. Apr. 29, 2020).............................12

*Cellular Tel. Co. v. Vill. of Tarrytown*,
   209 A.D.2d 57 (N.Y. App. Div. 1995) .................................................................11, 12

*Chira v. Glob. Med. Rev.*,
   609 N.Y.S.2d 511 (N.Y. Sup. Ct. 1994).................................................................11

*In re City of Amsterdam v. Bd. of Assessors of Town of Providence*,
   237 A.D.2d 63 (N.Y. App. Div. 1998) ...................................................................10

*City of Phila. v. Bank of Am. Corp.*,
   498 F. Supp. 3d 516 (S.D.N.Y. 2020)......................................................................4

*Cruz v. N.Y.C. Hous. Auth.*,
   269 A.D.2d 108 (N.Y. App. Div. 2000) ..............................................................11, 12

*Dadde v. Quest Diagnostics Inc.*,
   24-cv-465 (CBA), 2025 WL 841997 (E.D.N.Y. Mar. 18, 2025)...............................5

*Diego Beekman Mut. Hous. Ass'n Hous. Dev. Fund Corp. HDFC v. Dish Network, L.L.C.*,
   15 Civ. 1094 (KPF), 2016 WL 1060328 (S.D.N.Y. Mar. 15, 2016) .........................4

*Fiskus v. Bristol-Myers Squibb Co.*,
   No. 14 Civ. 3931(PAC), 2014 WL 4953610 (S.D.N.Y. Oct. 1, 2014)....................13

*FXR Constr., Inc. v. Fed. Ins. Co.*,
   20 Civ. 11086 (JPC), 2022 WL 428242 (S.D.N.Y. Feb. 11, 2022).........................6

*Gibbons v. Bristol-Myers Squibb Co.*,
   919 F.3d 699 (2d Cir. 2019)........................................................................8, 10, 13

*Hai Yang Liu v. 88 Harborview Realty, LLC*,
 5 F. Supp. 3d 443 (S.D.N.Y. 2014) ..................................................................5

*Jamestown 88 Leonard, L.P. v. Prime Essentials, LLC*,
 No. 656319/2020, 2021 WL 2980645 (N.Y. Sup. Ct. July 12, 2021) ....................................10

*Kurland & Assocs., P.C. v. Glassdoor, Inc.*,
 No. 19-CV-8070, 2020 WL 4016816 (S.D.N.Y. July 16, 2020)..............................................6

*Lederman v. Marriott Corp.*,
 834 F. Supp. 112 (S.D.N.Y. 1993) ....................................................................4

*Lemons v. Am. Ass'n of Neurological Surgeons*,
 782 F. Supp. 3d 913 (E.D. Cal. 2025)...................................................................5

*Nat'l Union Fire Ins. Co. v. Hugee*,
 661 N.Y.S.2d 744 (N.Y. Sup. Ct. 1997) ........................................................10, 11, 12

*Oliver v. N.Y. State Police*,
 1:17-CV-01157 EAW, 2019 WL 453363 (W.D.N.Y. Feb. 5, 2019)...........................................9

*Rivas v. Bowling Green Assocs., L.P.*,
 No. 13-CV-7812, 2014 WL 3694983 (S.D.N.Y. July 24, 2014).............................................13

*Schapira v. Netbase Sols., Inc.*,
 No. 25-CV-01730, 2025 U.S. Dist. LEXIS 41892 (S.D.N.Y. Mar. 3, 2025) ...........................6

*Slutzky v. Aron Ests. Corp.*,
 597 N.Y.S.2d 997 (N.Y. Sup. Ct. 1993) ...............................................................12

*Smerud v. AKT Servs. LLP*,
 No. 3:24-02034-HZ, 2025 WL 2096912 (D. Or. July 25, 2025)..............................................5

*Tufano v. Tufano*,
 220 A.D.2d 407 (N.Y. App. Div. 1995) ...............................................................11

*United Food & Com. Workers Union v. CenterMark Props. Meriden Square, Inc.*,
 30 F.3d 298 (2d Cir. 2004).................................................................................6

*Universal Church, Inc. v. Universal Life Church/ULC Monastery*,
 14 Civ. 5213 (NRB), 2019 WL 4601741 (S.D.N.Y. Sep. 19, 2019) .......................................4

*Uzoigwe v. Charter Commc'ns, LLC*,
 No. 24-1399-cv, 2025 WL 1257578 (2d Cir. May 1, 2025) (Summary Order) ..................9, 10

**Other Authorities**

28 U.S.C. § 1332...............................................................................3, 4, 5, 6

28 U.S.C. § 1441............................................................................................................ *passim*

28 U.S.C. § 1446(b)(1) ............................................................................................................7

28 U.S.C. § 1446(b)(2)(A)........................................................................................................8

28 U.S.C. § 1446(c)(2)..............................................................................................................6

CPLR § 305.............................................................................................2, 9, 10, 11, 12

CPLR § 308(2)........................................................................................................................10

CPLR § 312-a(b).......................................................................................................................9

CPLR § 2001...........................................................................................................................12

Defendant Henkel Corporation ("Henkel")[1] respectfully submits this memorandum of law in opposition to Plaintiff Eva Clarke's ("Plaintiff") Motion to Remand ("Motion" or "Mot."). ECF No. 10.

## PRELIMINARY STATEMENT

Federal law permits Henkel to do precisely what it did here. Faced with a state court action filed in a foreign state—an action over which a United States district court would have had original jurisdiction—Henkel availed itself of federal law permitting removal to the district court for the district in which it was filed. 28 U.S.C. § 1441(a). Plaintiff concedes, as she must, that the predicates for federal jurisdiction are met here: the parties are completely diverse and the amount in controversy exceeds $75,000.

Under the "forum defendant rule" set forth in 28 U.S.C. § 1441(b)(2), a suit that is "otherwise removable solely on the basis of . . . [diversity of citizenship] may not be removed if any of the parties in interest ***properly joined and served*** as defendants is a citizen of the State in which such action is brought." (emphasis added). Thus, as Plaintiff acknowledges, her motion hinges on whether the defendants who are New York citizens—L'Oréal USA, Inc. and L'Oréal USA Products, Inc.—were properly served prior to removal.

They were not. First, this case was removed on December 11, 2025. Plaintiff's Motion to Remand cites to Affirmations of Service attached as Exhibit 1 that attest that the Summons with Notice and Verified Complaint were served upon defendants on December 31, 2025; at least twenty (20) days after removal.[2]

---

[1] Henkel was improperly named in the Complaint as "Henkel a/k/a Henkel AG & Co. KGaA."
[2] The Affirmations of Service are defective because Plaintiff could not have served a "Verified Complaint" when no Complaint has yet been filed in this Court or in the underlying state court proceeding.

Second, New York law unambiguously requires a summons to "***bear the index number assigned***." CPLR § 305(a) (emphasis added). In her haste attempting to serve the New York defendants—indisputably to prevent a defendant from exercising their right of removal—Plaintiff purported to serve a defective Summons with Notice that lacked the statutorily required index number. Thus, when Henkel removed this action, none of the New York defendants were "properly joined and served" and the forum defendant rule did not bar removal.

In support of her motion, Plaintiff relies on cases in which the court declined to *dismiss* the action in state court due to service of a summons lacking an index number. In those cases, which focused primarily on statute of limitations challenges, strict application of Rule 305(a) would kick the plaintiff out of court entirely. None of those cases address the situation here. Instead, Courts in the Second Circuit faithfully apply the forum defendant rule by upholding removal where, like here, purported service on a forum defendant was not statutorily compliant.

Accordingly, as set forth more fully below, Henkel properly removed this action and Plaintiff's motion to remand should be denied.

## PROCEDURAL HISTORY

Plaintiff commenced this action on or about December 5, 2025, by filing a Summons with Notice in the Supreme Court of the State of New York, County of New York (the "State Court Action"). *See* ECF No. 1-2 (Exhibit A to the Declaration of Keith E. Smith in support of Henkel's Notice of Removal ("Smith Decl.")). The Summons with Notice indicates that the action is "for recovery of damages resulting from Plaintiff's bladder cancer, which was proximately caused by" 18 different named defendants. *Id.* The Summons with Notice does not list any causes of action. *Id.* Nor does it list the Plaintiff's state of residence. *Id.* Henkel was not served with the Summons with Notice until December 31, 2025. Mot. at Ex. 1.

On about the date the Summons with Notice was filed, but before the New York State Court even assigned an index number, Plaintiff attempted to serve only those Defendants who are residents of New York—L'Oréal USA, Inc. and L'Oréal USA Products, Inc. —with a copy of the deficient Summons with Notice. *See* ECF Nos. 1-3, 1-4 (Smith Decl., Exs. B–C); Mot. at 4–5. The Summons with Notice served on these Defendants failed to list an index number anywhere—a fact that Plaintiff does not dispute. *Id.* Plaintiff did not serve this Summons with Notice on any other Defendants.

On December 11, 2025, Henkel removed the State Court Action to this Court by filing a Notice of Removal and Declaration of Keith E. Smith, with supporting exhibits. *See* ECF No. 1. Henkel removed the action based on diversity jurisdiction. *See* ECF No. 1 at 2, ¶ 5. All properly named co-defendants have consented to removal. *See* ECF Nos. 5-8, 12, 15.

On December 31, 2025, Plaintiff purported to serve Defendants with a so-called amended "Summons with Notice and Verified Complaint." *See* ECF No. 10-1 (Mot., Ex. 1). However, to date, Plaintiff has not filed any complaint whatsoever in either the State Court Action or in this Court.

## ARGUMENT

### I.    REMOVAL TO THIS COURT WAS PROPER

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction where the parties are "citizens of different States" and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Here, Plaintiff concedes, as she must, that the requirements for diversity jurisdiction are met. *See* Mot.

at 4 (representing that the amount in controversy and complete diversity of the parties are met and undisputed).

### A.    There Is Diversity of Citizenship Between the Parties

The parties here are completely diverse, as conceded by Plaintiff in the Motion. *See* Mot. at 4.[3] It is not disputed that Plaintiff is a citizen of Illinois and none of the defendants are citizens of Illinois.

### 1.    Citizenship of John Doe Defendants Is Disregarded.

Although Plaintiff concedes that the named parties are completely diverse (Mot. at 4), she mentions in a footnote that the inclusion of unknown "John Doe" defendants may defeat complete diversity. Mot. at 7 n.3. As an initial matter, an argument cursorily set forth in a footnote is not sufficiently put before the Court. *See City of Phila. v. Bank of Am. Corp.*, 498 F. Supp. 3d 516, 537 (S.D.N.Y. 2020) ("[A] party may not raise an argument in a footnote alone." (collecting cases)); *Universal Church, Inc. v. Universal Life Church/ULC Monastery*, 14 Civ. 5213 (NRB), 2019 WL 4601741, at *5 n.1 (S.D.N.Y. Sep. 19, 2019) ("[A]rguments raised only in footnotes need not be addressed." (internal quotation marks and citations omitted)).

In any event, Plaintiff's suggestion is a non-starter: 28 U.S.C. § 1441(b)(1) specifically states that "the citizenship of defendants sued under fictitious names shall be disregarded" for removal purposes. Courts in the Second Circuit routinely hold that "John Doe" defendants do not destroy complete diversity for removal purposes. *See, e.g.*, *Lederman v. Marriott Corp.*, 834 F. Supp. 112, 113 (S.D.N.Y. 1993) ("So-called 'Doe' defendants are disregarded for purposes of determining diversity of citizenship jurisdiction under 28 U.S.C. § 1332 in cases removed to United States district courts pursuant to 28 U.S.C. § 1441."); *Diego Beekman Mut. Hous. Ass'n*

---

[3] Plaintiff's Memorandum of Law in Support of the Motion to Remand starts at page three of ECF No. 10.

*Hous. Dev. Fund Corp. HDFC v. Dish Network, L.L.C.*, 15 Civ. 1094 (KPF), 2016 WL 1060328, at *7 (S.D.N.Y. Mar. 15, 2016) ("[T]he citizenship of John Does is disregarded for the purposes of ascertaining a court's subject matter jurisdiction over an action removed from state court." (citing 28 U.S.C. § 1441(b)(1))); *Dadde v. Quest Diagnostics Inc.*, 24-cv-465 (CBA), 2025 WL 841997, at *2 (E.D.N.Y. Mar. 18, 2025) (same); *Cartagena v. Ryder Truck Rental, Inc.*, 23-CV-4169 (JPO), 2023 WL 8520487, at *1 (S.D.N.Y. Dec. 8, 2023) (same).

The cases Plaintiff cites to as support for her argument that the inclusion of "John Doe" defendants defeats complete diversity are inapplicable. *See* Mot. at 8 n.3 (citing *Hai Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443 (S.D.N.Y. 2014); *Lemons v. Am. Ass'n of Neurological Surgeons*, 782 F. Supp. 3d 913 (E.D. Cal. 2025); *Smerud v. AKT Servs. LLP*, No. 3:24-02034-HZ, 2025 WL 2096912 (D. Or. July 25, 2025); *FXR Constr., Inc. v. Fed. Ins. Co.*, 20 Civ. 11086 (JPC), 2022 WL 428242 (S.D.N.Y. Feb. 11, 2022)). Each of the cases apply 28 U.S.C. § 1332 in determining whether there was diversity of citizenship, *not* 28 U.S.C. § 1441, which governs removal.

28 U.S.C. § 1441 explicitly states that "the citizenship of defendants sued under fictitious names shall be disregarded." All of the cases cited by Plaintiff involve situations where Plaintiff originally filed in federal court claiming diversity pursuant to 28 U.S.C. § 1332, not situations where defendant removed pursuant to 28 U.S.C. § 1441, which is treated fundamentally different by federal courts assessing Doe defendants. *See Hai Yang Liu*, 5 F. Supp. 3d at 450 ("[A]s regards [to] the equities of allowing a defendant to remove a case to federal court under § 1441 where a plaintiff cannot originally file the same case under § 1332, such is the statutory scheme Congress has designed."); *Lemons*, 782 F. Supp. 3d at 919–20 (discussing the distinction regarding Doe defendants in 28 U.S.C. §§ 1332 and 1441); *Smerud*, 2025 WL 2096912, at *5 (addressing

5

diversity jurisdiction under § 1332 and holding "district courts in the Ninth Circuit have largely held that the statutory amendment to § 1441 directing courts to disregard Doe defendants in the context of removal does not imply a similar directive for courts to disregard Doe defendants when evaluating original diversity jurisdiction under § 1332" (internal quotation marks and citations omitted)); *FXR Constr.*, 2022 WL 428242, at *1 (addressing diversity jurisdiction in the context of 28 U.S.C. § 1332).   Because Henkel removed pursuant to § 1441, Plaintiff has conflated statutory provisions and relied on inapposite cases.

Accordingly, complete diversity exists as all the properly named defendants are diverse from Plaintiff.

### B.    The Amount in Controversy Exceeds $75,000

Plaintiff also concedes that the amount in controversy exceeds $75,000. *See* Mot. at 4. Even if she had not, the amount in controversy requirement is satisfied because it is clear from the Summons with Notice that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). A removing defendant need only show "a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount" of $75,000. *United Food & Com. Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 304–05 (2d Cir. 2004) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)).   To determine the amount in controversy, the Court first examines what the Plaintiff herself has alleged. *See Kurland & Assocs., P.C. v. Glassdoor, Inc.*, No. 19-CV-8070, 2020 WL 4016816,  at *2  (S.D.N.Y. July 16, 2020) (citation omitted); *see also* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."). "It is well settled that the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Schapira v. Netbase Sols., Inc.*, No. 25-CV-01730, 2025

U.S. Dist. LEXIS 41892, at *1–2 (S.D.N.Y. Mar. 3, 2025) (internal quotation marks and citation omitted)).

Here, Plaintiff states in her Summons with Notice that Plaintiff suffered bladder cancer as a result of using Defendants' products and seeks, among other things, (a) past and future general damages; (b) past and future economic and special damages; (c) past and future medical expenses; (d) past and future pain and suffering; (e) punitive or exemplary damages; (f) attorney's fees; (g) costs and disbursements; and (h) prejudgment interest all in amounts to be determined at trial. *See* ECF No. 1-2 (Smith Decl., Ex. A at 3). The Summons with Notice states that "[s]hould Defendant(s) fail to appear herein, judgment will be entered by default for the sum of **$10 million** with interest from the date of and the costs of this action." *Id.* (emphasis added). Plaintiff's claimed default judgment value of the case in the amount of $10 million easily exceeds the $75,000 amount in controversy threshold.

### C.      Removal Was Timely

Under 28 U.S.C. § 1446(b)(1),

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Here, the Notice of Removal was filed on December 11, 2025, only six days after the state court proceedings were initiated on December 5, 2025. Thus, the 30-day requirement of 28 U.S.C. § 1446(b)(1) was met.

Moreover, Henkel was not even served with the Summons with Notice prior to filing the Notice of Removal. *See* ECF No. 1-1 (Smith Decl. ¶ 20). The exhibits attached to Plaintiff's Motion show that Henkel was served with a copy of the Summons with Notice and Verified Complaint on December 31, 2025—twenty days after the Notice of Removal was filed.  *See* ECF

No. 10-1 (Mot., Ex. 1 at 5). To date, the purported Verified Complaint has not been filed. Accordingly, Henkel's Notice of Removal was timely filed.

### D.    All Co-Defendants Consent to Removal

"[W]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Here, each co-defendant filed notices of consent to removal within 30 days of service of the Summons with Notice and Verified Complaint.[4] *See* ECF No. 5 (L'Oréal USA, Inc.); ECF No. 6 (L'Oréal USA Products, Inc.); ECF No. 8 (CosmoProf Services USA, LLC, Goldwell New York, Sally Beauty Holdings, Inc.); ECF No. 12 (L'Anza Healing Healthcare/DAVEXLABS, LLC;  ECF No. 13 (Paul Mitchell Systems).

## II.    THE NEW YORK DEFENDANTS WERE NOT PROPERLY SERVED PRIOR TO REMOVAL

Generally, a suit that is "'otherwise removable solely on the basis of . . . [diversity of citizenship] may not be removed if any of the parties in interest ***properly*** joined and served as defendants is a citizen of the State in which such action is brought.'" *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–05 (2d Cir. 2019) (quoting 28 U.S.C. § 1441(b)(2)) (emphasis added). Accordingly, the forum defendant rule "is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable." *Id.* at 705.

Here, removal was proper because the home-state defendants were not properly joined and served prior to removal. First, Plaintiff attached various Affirmation of Service in support of her Motion to Remand attesting that the "Summons with Notice and Verified Complaint" were served on Defendants on December 31, 2025, which is twenty (20) days after the Notice of Removal was

---

[4] None of the Defendants concede that service was proper and reserve the right to file a separate motion contesting service.

filed. *See* ECF No. 10-1 (Mot., Ex. 1). Therefore, on its face, Plaintiff has failed to provide any evidence to support her Motion to Remand.

Second, to the extent Plaintiff made deficient attempts at service by providing a Summons with Notice without an index number, this is insufficient to render any defendant "properly joined and served" for removal purposes. New York law requires a summons to list the action's index number. Pursuant to CPLR § 305(a), a "summons . . . ***shall bear the index number assigned***." (emphasis added).  Thus, as a matter of plain statutory interpretation, the summons was defective. *See Oliver v. N.Y. State Police*, 1:17-CV-01157 EAW, 2019 WL 453363, at *6 (W.D.N.Y. Feb. 5, 2019) (describing the absence of an index number on a summons as a "legitimate defect").

Because Plaintiff attempted to serve a summons that was defective under New York State law, Henkel's removal of this action was proper. Indeed, the Second Circuit has upheld removal where, like here, "statutory non-compliance means that [a defendant] was not properly served." *Uzoigwe v. Charter Commc'ns, LLC*, No. 24-1399-cv, 2025 WL 1257578, at *2 (2d Cir. May 1, 2025) (Summary Order) (affirming denial of remand where statute provides that service is not complete until defendant returns a signed acknowledgement of receipt and notice of removal was filed before the defendant returned the acknowledgement to plaintiff).

In *Uzoigwe*, the Second Circuit addressed a similar procedural background as here, where the plaintiff argued that remand was required under the forum defendant rule. 2025 WL 1257578, at *1. The Second Circuit held that the subject defendant was not properly served because CPLR § 312-a(b) required that the *defendant* return a signed acknowledgement of receipt. *Id.* at *2 ("Even though [plaintiff] did all that was required of him, and even if he is correct that [defendant's] delay in returning the Acknowledgement was unjustified . . . [defendant's] delay nevertheless suffices to defeat the applicability of the forum defendant rule." (internal quotation marks omitted)).

9

Here, there is an even more persuasive basis for the Court to retain jurisdiction where improper service was due to Plaintiff's affirmative act in not including an index number as statutorily required, and not a result of Defendants' inaction. Other courts have similarly denied motions to remand due to deficient service. In *Lask v. Rhee-Karn*, the Court recently confirmed that, under Second Circuit law, "Section 1441(b)(2), by its text, is inapplicable until a home-state defendant has been served in accordance with state law." 24-CV-02666 (MMG), 2025 WL 2717474, at *4 (S.D.N.Y. Sep. 24, 2025) (citing *Gibbons*, 919 F.3d at 705). The Court went on to explain that "however arbitrary it may seem, an in-state defendant may side-step the Forum Defendant Rule by removing the case before being served" and held that the defendants "*necessarily* removed the case before being served—because they were never *properly* served in the first place." *Id.* (emphasis added). Because the plaintiff failed to strictly comply with the requirements of the CPLR, service was defective and removal was proper. *Id.* at *4–5; *see also C.Q. v. Est. of Rockefeller*, 20-CV-2205 (VSB), 2020 WL 5658702, at *2 (S.D.N.Y. Sep. 23, 2020) (applying *Gibbons* and denying motion to remand where defendants argued that service was not complete at the time of removal in accordance with the procedural requirements of CPLR § 308(2), New York's substituted service of process statute).

New York courts have recognized that the clear language of CPLR § 305(a) requires that a summons must have an index number. *See, e.g.*, *In re City of Amsterdam v. Bd. of Assessors of Town of Providence*, 237 A.D.2d 63, 65 (N.Y. App. Div. 1998); *Nat'l Union Fire Ins. Co. v. Hugee*, 661 N.Y.S.2d 744, 746 (N.Y. Sup. Ct. 1997) ("CPLR § 305(a) requires that: 'A summons shall ... bear the index number assigned and the date of filing with the clerk of the court.'"). And courts have dismissed cases based on a plaintiff's failure to comply with CPLR § 305(a). *See Jamestown 88 Leonard, L.P. v. Prime Essentials, LLC*, No. 656319/2020, 2021 WL 2980645, at

10

*1 (N.Y. Sup. Ct. July 12, 2021) ("[The action must be dismissed because the complaint was served without an index number, in violation of CPLR 305(a)."). On the other hand, Plaintiff cannot point to a single case holding that a defendant has been properly served under 28 U.S.C. § 1441(b)(2) with a summons that does not contain an index number as required under CPLR § 305(a).

And the cases Plaintiff cites are inapposite. *See* Mot. at 6–8. In particular, a majority of Plaintiff's cases analyze whether *dismissal* of an action is proper where the summons did not contain an index number as required under CPLR § 305(a). *See Cruz v. N.Y.C. Hous. Auth.*, 269 A.D.2d 108, 109 (N.Y. App. Div. 2000) ("[A] failure to comply with the technical requirements of CPLR 305(a) does not warrant *dismissal* unless there is a showing of prejudice caused by such defect." (emphasis added)); *Tufano v. Tufano*, 220 A.D.2d 407, 407–08 (N.Y. App. Div. 1995) (addressing a divorce proceeding and an appeal which stemmed in part from the denial of a motion to dismiss); *Cellular Tel. Co. v. Vill. of Tarrytown*, 209 A.D.2d 57, 64 (N.Y. App. Div. 1995) (discussing whether dismissal is warranted under CPLR § 305(a) where filing date was omitted on summons and ultimately finding dismissal was not warranted after noncompliance with CPLR § 305(a) was cured); *Chira v. Glob. Med. Rev.*, 609 N.Y.S.2d 511, 511–12 (N.Y. Sup. Ct. 1994) (declining to dismiss action on the grounds that service was improper because the summons did not include an index number); *Nat'l Union Fire Ins. Co. v. Hugee*, 661 N.Y.S.2d 744, 746–47 (N.Y. Sup. Ct. 1997) (considering motion to dismiss where index number and date of filing were omitted on the notice). These cases do not help Plaintiff because Henkel does not seek to dismiss the action based upon an irregularity or a technical defect. Instead, Henkel merely seeks to exercise its right to remove this action pursuant to 28 U.S.C. § 1441(b)(2), where such removal is timely because no New York defendants had been properly served with a compliant summons under New

11

York law.

*Slutzky v. Aron Ests. Corp.*, 597 N.Y.S.2d 997, 1002 (N.Y. Sup. Ct. 1993) does not help Plaintiff either. There, the court pointed out that service occurred during a "transitional phase" in the statutory scheme during which the plaintiffs could serve the summons without an index number. *Id.* Here, however, the plain language of CPLR § 305 now requires the summons to bear the index number. Moreover, like Plaintiff's other cases, *Slutzky* involved a motion to dismiss for lack of jurisdiction based on improper service. But here, dismissal is not currently at issue.

Even if cases involving motions to dismiss were relevant here, New York state courts considering such motions apply an analysis that hinges on whether the served party has been prejudiced, as discussed above. *See Cruz*, 269 A.D.2d at 109; *Cellular Tel. Co.*, 209 A.D.2d at 64; *Nat'l Union Fire Ins.*, 661 N.Y.S.2d at 746–47; *see* CPLR § 305(c) ("At any time, in its discretion and upon such terms as it deems just, the court may allow any summons or proof of service of a summons to be amended, if a substantial right of a party against whom the summons issued is not prejudiced."); *see also* CPLR § 2001 ("[T]he court may permit a mistake, omission, defect or irregularity . . . upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded, provided that any applicable fees shall be paid.").

Even though Henkel is not seeking dismissal of this action at this time, it is clear that Henkel will be prejudiced by a decision that finds service without an index number was proper, thereby denying Henkel its statutory right to remove. Henkel, an out-of-state Defendant, faces a substantial likelihood of prejudice if deprived of its right to have this matter tried in federal court. It is well-established that removal exists to protect an out-of-state defendant from in-state bias that may exist at a local state court. *See Castro v. Colgate-Palmolive Co.*, 19-CV-279 (JLS), 2020 WL

12

2059741, at *3 (W.D.N.Y. Apr. 29, 2020) (holding, in the context of a similar "snap removal" as here, "the removing party is not a forum defendant. Diversity jurisdiction and removal exist to protect out-of-state defendants from in-state prejudices" (quoting *Texas Brine Co., LLC v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020)); *Gibbons*, 919 F.3d at 706 (acknowledging similar principles and implicitly endorsing "snap removal"); *Rivas v. Bowling Green Assocs., L.P.*, No. 13-CV-7812, 2014 WL 3694983, at *3 (S.D.N.Y. July 24, 2014) ("The ability of a non-forum defendant to remove a case to federal court serves the important function of minimizing the potential impact of local prejudice."); *Fiskus v. Bristol-Myers Squibb Co.*, No. 14 Civ. 3931(PAC), 2014 WL 4953610, at *1 (S.D.N.Y. Oct. 1, 2014) ("The principle behind allowing removal by nonresident defendants, similar to that of diversity jurisdiction, is that 'out-of-state parties might be subjected to undue prejudice in state courts, and thus ought to be afforded the opportunity to have their cases tried to an impartial forum.'" (quoting *Prudential Oil Corp. v. Phillips Petroleum Co.*, 546 F.2d 469, 475 (2d Cir. 1976))).

Conversely, Plaintiff cannot credibly demonstrate prejudice by this action remaining in this Court. In other procedural contexts, courts address factors such as the extent to which the state court action had progressed. For instance, in the context of 28 U.S.C. § 1441(d) where a defendant requests that the 30-day time period for removal should be enlarged, district courts in this circuit have found that the defendant was unable to provide good cause for delay where a substantial amount of activity had already occurred in the state court. *See Boland v. Bank Sepah–Iran*, 614 F. Supp. 1166, 1169 (S.D.N.Y. 1985) ("[R]emoval should be rejected based on the extent to which this action had progressed in state court." (citing *Corporacion Venezolana de Fomento v. Vintero Sales*, 629 F.2d 786, 790 (2d Cir.1980), *cert. denied*, 449 U.S. 1080 (1981)). Here, no proceedings have occurred, and a complaint has not even been filed. Plaintiff cannot establish prejudice by the

13

Court retaining jurisdiction as there have been no proceedings related to this matter.

## **CONCLUSION**

For the foregoing reasons, Henkel respectfully requests that the Court deny Plaintiff's

Motion to Remand.

Dated: January 23, 2026

*/s/ Keith E. Smith*
**GREENBERG TRAURIG, LLP**
Keith E. Smith
Jaclyn DeMais
One Vanderbilt Avenue
New York, NY 10017
Tel: (215) 988-7843
Smithkei@gtlaw.com
Demaisj@gtlaw.com

14

## <u>CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.1(c)</u>

I, Keith E. Smith, certify that the foregoing Opposition to Plaintiff's Motion to Remand contains 4,342 words, which is less than the 8,750-word limit under Local Rule 7.1(c).

Dated: New York, New York
      January 23, 2026

_/s/ Keith E. Smith_
Keith E. Smith

15